1

2

3

4

5

6

7

8                                   **UNITED STATES DISTRICT COURT**

9                                   **EASTERN DISTRICT OF CALIFORNIA**

10

11   PEOPLE'S UNITED EQUIPMENT            )   Case No.: 1:16-cv-00207 DAD  JLT
     FINANCE CORP.,                       )
12                                        )   FINDINGS AND RECOMMENDATIONS
                      Plaintiff,          )   GRANTING PLAINTIFF'S MOTION FOR
13                                        )   DEFAULT JUDGMENT
                 v.                       )
14                                        )   (Doc. 28)
     RST CRANES, et al.,                  )
15                                        )
                                          )
16                    Defendants.         )
     _____  )

17           People's United Equipment Finance Corp seeks default judgment against the defendants.[1]

18   (Doc. 28)  The defendants have not opposed this motion.[2]  The Court found the matter suitable for

19   decision without a hearing, and the matter was taken under submission pursuant to Local Rule 230(g).

20   (Doc. 31)  For the following reasons, the Court recommends Plaintiff's motion for default judgment be

21   **GRANTED**.

22   **I.      Background**[3]

23           In this action, the plaintiff alleges that on March 13, 2014, it leased two cranes with varying

24

25

     _____

26   [1] Though RST filed for Chapter 11 bankruptcy after this action was filed, the bankruptcy action has been dismissed. (Doc.
     28-1 at 10, 51)
27   [2] Instead, this motion was filed upon the agreement of the defendants as a part of the settlement of this case. (Doc. 28-1 at
     10)
28   [3] The factual assertions of the plaintiff are taken as true because default has been entered against the defendants.  See Pope
     v. United States, 323 U.S. 1, 22 (1944).

features, two crane carriers and a 3-axle boom dolly to RST[4].  (Doc. 2 at 2-3)  The parties entered into a written lease agreement for this equipment.  (Doc. 2 at 2, 9-11)  According to the lease, RST was obligated to make 36 monthly payments with the first being in the amount of $24,420 and the remaining 35 payments in the amount of $32,835, plus tax.  Id. at 2. The total amount to be paid was $1,173,645. Id.

As consideration for the lease agreement, RST granted to the plaintiff a security interest in all of its personal property including "all goods, inventory, equipment, accounts, accounts receivable, documents, instruments, chattel paper, contract rights, general intangibles, investment property, securities entitlements, deposit accounts, fixtures and other property, wherever located, then or thereafter owned and all proceeds, insurance proceeds, substitutions, replacement parts [and] any additions and accessions of and/or to all of the foregoing."  (Doc. 2 at 3)  The parties executed a blanket security agreement granting to the plaintiff a security interest in various pieces of equipment. Id. at 3-4, 18-20.  The plaintiff perfected its lien on the security.  Id. at 4, 22-29.  The lease agreement was guaranteed by Rick Torres and Sonya Torres.  Id. at 4-5.

RST failed to make all payments due.  (Doc. 2 at 5)  Consequently, the parties entered into a lease extension in which RST acknowledged the debt owed in the amount of $778, 460.81.  Id. at 5, 39. The parties agreed to restructure the lease to require 24 monthly payments; one in the amount of $23,255.81 plus tax, 23 payments in the amount of $32,835 plus tax. Id.  However, despite the plaintiff's performance under the agreements, the defendants have not made all of the payments. Id. at 5.  Thus, at the time of the filing of the action, the defendants owed $787,437.24 plus interest and late fees.  Id. at 5-6.  However, in this action, the plaintiff seeks to recover only the leased equipment.[5] (Doc. 28-1 at 53)

The parties have engaged in settlement discussions and have entered into a forbearance agreement.  (Doc. 28-1 at 10, 53-68)  The plaintiff has agreed to sell the items that were recovered by it—the 300-ton crane, the crane carrier and the 3-axel boom dolly—on account of the defendants.  Id.

---

[4] The plaintiff repossessed one crane and the defendants returned one crane carrier and the 3-axle boom dolly after this litigation began.  (Doc. 28-1 at 9)

[5] The parties are engaged in litigation in the Southern District of Texas, case number 4:16-cv-01157, to recover the amounts due.

As to the remaining items, the defendants agree to pay 23 monthly rental installments in the amount of $8,603 plus tax for a total of $206,472. Id. In this action, the parties agree the default judgment should be entered for possession of the leased equipment only. (Doc. 28-1 at 9)

**II.     Legal Standards Governing Entry of Default Judgment**

The Federal Rules of Civil Procedure govern the entry of default judgment. After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. Pope v. United States, 323 U.S. 1, 22 (1944); see also Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment. Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), accord Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. Id. at 1472.

**III.     Discussion and Analysis**

Applying the factors articulated by the Ninth Circuit in Eitel, the Court finds the factors weigh in favor of granting Plaintiff's motion for default judgment.

**A.     Prejudice to Plaintiff**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not

3

1   entered.  See Pepsico, Inc., 238 F. Supp. 2d at 1177.  Generally, where default has been entered against

2   a defendant, a plaintiff has no other means by which to recover damages.  Id.; Moroccanoil, Inc. v.

3   Allstate Beauty Prods., 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).  Therefore, the Court finds the

4   plaintiff would be prejudiced if default judgment is not granted.

5          **B.**    **Merits of the plaintiff's claims and the sufficiency of the complaint**

6          Given the kinship of these factors, the Court considers the merits of the plaintiff's substantive

7   claims and the sufficiency of the complaint together.  See Premier Pool Mgmt. Corp. v. Lusk, 2012

8   U.S. Dist. LEXIS 63350, at *13 (E.D. Cal. May 4, 2012).  The Ninth Circuit has indicated that, when

9   combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover."

10  Pepsico, Inc., 238 F. Supp. 2d at 1175. Notably a "defendant is not held to admit facts that are not well-

11  pleaded or to admit conclusions of law."  DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir.2007).

12         1.    Claim for delivery of personal property

13         To establish a "claim and delivery of personal property" the plaintiff must show that it is entitled

14  to possession of the property, that the property is wrongfully detained by the defendants, demonstrate a

15  description and value of the property, where the property is located and that the property has not been

16  taken for a tax, assessment or fine.  (Cal. Civ. Code Proc. § 512.010(b))

17         The complaint shows the plaintiff is entitled to possession of the property due to the failure of

18  the defendants to comply with the terms of the lease agreement and the lease extension.  (Doc. 2 at 3-5)

19  This demonstrates also that the defendants have wrongfully retained the property.  The complaint also

20  demonstrates the value of the equipment and that the equipment remains in the possession of the

21  defendants. Id. Thus, the plaintiff has adequately stated a cause of action and the claim has merit.

22         **C.**    **Sum of money at stake**

23         In general, the Court "must consider the amount of money at stake in relation to the seriousness

24  of Defendants' conduct."  Pepsico, Inc., 238 F.Supp.2d at 1176.  However, here, the plaintiff seeks

25  only to recover the leased property.  Though there is a significant amount of money at stake, that issue

26  is not before this Court.

27         **D.**    **Possibility of dispute concerning material facts**

28         There is little possibility of dispute concerning material facts because the parties have entered

1  into a forbearance agreement in which the defendants agree that the plaintiff will obtain this default

2  judgment against them. (Doc. 28-1 at 10, 53-68) Therefore, this factor does not weigh against default

3  judgment.

4       **E.**     **Whether default was due to excusable neglect**

5       Generally, the Court will consider whether the defendants' failure to answer is due to excusable

6  neglect. See Eitel, 782 F.2d at 1472. The defendants were served with the summons and complaint in

7  this action and failed to respond. (Docs. 8-10) The defendants chose not to answer the complaint but,

8  instead, to negotiate a settlement of the action which includes the plaintiff obtaining default judgment.

9  (Doc. 28-1 at 10, 53-68) Thus, this factor does not weigh against default judgment.

10       **F.**     **Policy disfavoring default judgment**

11       As noted above, default judgments are disfavored because "[c]ases should be decided on their

12  merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. In this case, the policy underlying the

13  Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against default

14  judgment because the parties have affirmatively agreed to this result in lieu of litigating the action.

15  (Doc. 28-1 at 10, 53-68)

16  **V.**     **Possession of personal property**

17       Plaintiff seeks possession of the leased equipment. Specifically, the plaintiff seeks recovery of:

18  One (1) LTM l080/1L Liebherr 100-Ton All Terrain Crane, equipped with Liebhcrr Diesel Engine, 157ft. Full Power Boom, 62 Ft. Jib, Main Winch, Liccon Load Indicator, Anti Two Block, 2 Speed 3/4" Wire Rope, Single Sheave Block, S/N 061513; One (1) 2001 Liebherr 4-Axle Crane Carrier, S/N W094741001EL05015, including all attachments, accessions and accessories to, and all proceeds of, all of the foregoing, including without limitation all insurance proceeds and all rental proceeds, accounts and chattel paper arising out of or related to the sale, lease, rental or other disposition thereof; a 2006 Model 1412711 National 33-Ton Truck Crane equipped with Remote Top Controls, 2-Man Steel Work Platform, Front Mounted Stabilizer (360 Degree Fall Capacity), Single Sheave Hook Block for 3-Part Line, 5/8 in. Rot Resistant Wire Rope & Air Foot Throttles, S/N 292742, mounted on and together with a 2006 Model 378 Peterbilt Conventional Cab & Chassis equipped with CAT C-12 Diesel 430hp Turbo Engine, Jacobs Engine Brake, 18-Speed Manual Transmission with 2-LL, 20,000lb Front Axle, 40,000lb Rear Axle, Tri Drive, AM/FM Stereo, Air-Ride Drivers Seat, Severe Weather Package, Heated Mirrors, Noise Reduction Package, 20ft Flatbed Body with Hardware Deck, Tool Box, 24in Bulkhead & Aluminum Wheels, INPFXUEX46N878456.

27  (Doc. 1-28 at 64) The parties have agreed that this property will be recovered by the plaintiff. (Doc.

28  281- at 54-55) Therefore, default judgment is appropriate.

## VIII.   Findings and Recommendations

The <u>Eitel</u> factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court.  See <u>Aldabe</u>, 616 F.2d at 1092.  Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.   Plaintiff's application for default judgment (Doc. 20) be **GRANTED**;

2.   That the Court **GRANT** plaintiff's claim and delivery and for possession of the following property:

> One (1) LTM l080/1L Liebherr 100-Ton All Terrain Crane, equipped with Liebherr Diesel Engine, 157ft. Full Power Boom, 62 Ft. Jib, Main Winch, Liccon Load Indicator, Anti Two Block, 2 Speed 3/4" Wire Rope, Single Sheave Block, S/N 061513; One (1) 2001 Liebherr 4-Axle Crane Carrier, S/N W094741001EL05015, including all attachments, accessions and accessories to, and all proceeds of, all of the foregoing, including without limitation all insurance proceeds and all rental proceeds, accounts and chattel paper arising out of or related to the sale, lease, rental or other disposition thereof; a 2006 Model 1412711 National 33-Ton Truck Crane equipped with Remote Top Controls, 2-Man Steel Work Platform, Front Mounted Stabilizer (360 Degree Fall Capacity), Single Sheave Hook Block for 3-Part Line, 5/8 in. Rot Resistant Wire Rope & Air Foot Throttles, S/N 292742, mounted on and together with a 2006 Model 378 Peterbilt Conventional Cab & Chassis equipped with CAT C-12 Diesel 430hp Turbo Engine, Jacobs Engine Brake, 18-Speed Manual Transmission with 2-LL, 20,000lb Front Axle, 40,000lb Rear Axle, Tri Drive, AM/FM Stereo, Air-Ride Drivers Seat, Severe Weather Package, Heated Mirrors, Noise Reduction Package, 20ft Flatbed Body with Hardware Deck, Tool Box, 24in Bulkhead & Aluminum Wheels, INPFXUEX46N878456.

5.   Judgment be entered in favor of People's United Equipment Finance Corp. and against RST Cranes, Inc., Richard Torres Jr., aka Richard Torres aka Rick Torres and Sonya Torres.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

6

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

    Dated:   __September 9, 2016__            _____/s/ Jennifer L. Thurston__
                                              UNITED STATES MAGISTRATE JUDGE